IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PEDRITO MORETA, | : | |
|     Petitioner, | : | |
| | : | 1:15-cv-1915 |
| v. | : | |
| | : | Hon. John E. Jones III |
| CHARLES MARIONNA, | : | |
|     Respondent. | : | |

**<u>MEMORANDUM</u>**

**June 7, 2017**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, filed by Petitioner Pedrito Moreta ("Moreta"), a federal inmate housed at the United States Penitentiary at Canaan ("USP-Canaan"), Waymart, Pennsylvania. He alleges that his due process rights were violated in the context of a disciplinary proceeding. The petition is ripe for disposition and, for the reasons that follow, will be denied.

**I.**     **<u>BACKGROUND</u>**

The Federal Bureau of Prisons ("BOP") disciplinary process is fully outlined in Code of Federal Regulations, Title 28, Sections 541 through 541.8 (2011). These regulations dictate the manner in which disciplinary action may be taken should a prisoner violate, or attempt to violate, institutional rules. The first step requires filing an incident report and conducting an investigation pursuant to 28 C.F.R. § 541.5. Staff is required to conduct the investigation promptly absent

intervening circumstances beyond the control of the investigator. 28 C.F.R. § 541.5(b).

Following the investigation, the matter is then referred to the Unit Disciplinary Committee ("UDC") for a hearing pursuant to 28 C.F.R. § 541.7. If the UDC finds that a prisoner has committed a prohibited act, it may impose minor sanctions. *Id.* If the alleged violation is serious and warrants consideration for more than minor sanctions, or involves a prohibited act listed in the greatest or high category offenses, the UDC refers the matter to a Disciplinary Hearing Officer ("DHO") for a hearing. *Id.* Greatest Severity category offenses carry a possible sanction of, *inter alia*, loss of good conduct time credits. 28 C.F.R. § 541.3.

On May 21, 2014, Moreta received Incident Report 2585429, charging him with "Use of the telephone for abuses other than criminal activity" in violation of Prohibited Act Code 297 and "Disruptive Conduct, most like Code 297 – use of email for abuses other than criminal activity" in violation of Prohibited Act Code 299. (Doc. 8-1, p. 67). The incident is described as follows: "On May 21, 2014, at 4:00 p.m., a review of inmate telephone and e-mail accounts was conducted. This review showed that inmate Moreta, Pedrito, #60511-066 allowed inmate Edwards, Tony, #51390-054 to use his telephone and e-mail accounts on multiple occasions from October of 2013 to April of 2014." (*Id.*) The report contained

detailed support for the charges including telephone records demonstrating that Edwards placed 157 telephone calls using Moreta's telephone account and sent 2,951messages to Shavon Thomas using Moreta's e-mail account. (*Id.* at 67-68).

Notice in advance of the DHO hearing was provided to Moreta on May 21, 2014. (*Id.* at 22). On May 22, 2014, the UDC referred the matter to the DHO due to the seriousness of the alleged act and the attendant sanctions. (*Id.* at 18). Moreta was advised of his rights on that same day. (*Id.* at 20-21). He requested L. Brandenburg, Counselor, as his staff representative and sought to call Inmates Edwards and Carr as witnesses at the DHO hearing. (*Id.*)

During the June 5, 2014, disciplinary hearing, the DHO noted that staff provided Moreta with written notice of the charges against him and advised him of his rights in advance of the hearing. (*Id.* at 22). His staff representative, L. Brandenburg, "noted no discrepancies in the discipline process and was disclosed all documentation in reference to this case. Further she met with Moreta in advance of the hearing to discuss the case. She had no comment for the record." (*Id.*) The DHO documented the following inmate statement: "I request the date Edwards was issued the incident report. The staff member has twenty-four hours to issue the incident report. It was well after the time frames. I feel my rights were violated." (*Id.*at 23). He made no statement specific to the charge. (*Id.*)

With regard to Moreta's requested inmate witnesses, the DHO stated as follows:

> The following persons requested were not called for the reason(s) given: Moreta requested witness testimony of Edwards, Tony (51390-054) and Carr, Sean (50514-054) to testify to when they received their incident reports and when it was dealt with.
>
> For the reasons exhaustively explicated in section III, B, when other inmate(s) allegedly received their incident report and were "dealt with", would not alone exculpate Moreta. It is not germane to the issue at hand before the hearing officer, and is completely outside the issues presented in the charge. The hearing officer is not oblivious to the constitutional protections with that of due process. However, as any testimony presented by Carr and Edwards would be non-exculpatory, their testimony was excluded.

(*Id.*)

In finding that the act was committed as charged, the DHO relied on significant documentary evidence including, *inter alia*, Truview call reports, email lists, money receipts, Trufone monitored call reports, Trulincs message body reports and locked messages, and the Inmate Investigative report. (*Id.* at 24). The DHO specifically relied on the eyewitness account of the reporting officer detailed in the incident report. (*Id.* at 25). He also relied on the following investigative findings:

> [B]eginning on/or about October 16, 2013, Moreta's ITS and TRULINCS account was utilized by Edwards to orchestrated [sic] an illicit narcotics introduction scheme; TRUVIEW Call Detail Report for Moreta, Pedrito 60511-066, confirming a telephone call was placed on his ITS account on October 16, 2013 at 7:23 AM to telephone number 770-286-0450; TRULINCS Message Body Report

4

from THACARAMELQUEEN@YAHOO.COM dated for October 16, 2013 to Moreta, Pedrito Santiago 60511-066 which comports with the facts as presented in the incident report; TRUVIEW Email List Detail Report for Edwards, Tony 51390-054, which confirms email address THACARAMELQUEEN@YAHOO.COM is an email address on his account; TRUVIEW Email List Detail Report for Strong, Tito 26829-050, which confirms the email address THACARAMELQUEEN@YAHOO.COM belongs to Shavon Thomas; TRUIVEW [sic] Email List for Moreta, Pedrito 60511-066, which confirms email address THACARAMELQUEEN@YAHOO.COM is an email address on his account created on September 14, 2013; TRUVIEW Visitor List Detail Report for Edwards, Tony 51390-054, which confirms Shavon Thomas, telephone number 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, is an approved visitor; TRUVIEW Money Received Report for Edwards, Tony 51390-054, confirming Shavon Thomas' telephone number is 770-286-0450; TRULINCS Locked Messages by ECN Report for Moreta, Pedrito Santiago, 60511-066 for the email address THACARAMELQUEEN@YAHOO.COM, confirming 2,951 messages to said email address; as well as the fact Moreta failed to present any statement or evidence which would exculpate him of the charge.

After a rigorous review of all investigative findings the DHO opines there is substantial evidence to sustain the charge.

(*Id.* at 26). Moreta was sanctioned with the disallowance of Good Conduct Time, forfeiture of Good Conduct Time, disciplinary segregation, and loss of privileges. (*Id.* at 27). With regard to the disallowance and forfeiture of Good Conduct Time and disciplinary segregation sanctions, the DHO stated that their imposition "was to demonstrate the seriousness of his actions and as punishment for his conduct." (*Id.*)

## II. DISCUSSION

Moreta's claim, that his due process rights were violated in the context of the disciplinary hearing process, and that these violations resulted in a loss of good conduct time, is properly the subject of this habeas petition because it directly impacts the duration of his confinement. The Due Process Clause of the Fifth Amendment of the Constitution of the United States provides: "No person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. Federal inmates possess a liberty interest in good conduct time. *See Wolff v. McDonnell*, 418 U.S. 539, 555-57 (1974); *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

When a prison disciplinary hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive due process protections: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) the opportunity to call witnesses and present documentary evidence when consistent with institutional and correctional goals; 3) assistance in presenting a defense if the inmate is illiterate; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff*, 418 U.S. at 564.

Moreta first contends that he did not receive adequate notice of the charges in accordance with BOP Program Statement 5270.09 which states "Incident Report

is to be delivered within 24 hours of staff becoming aware of the incident." (Doc. 1, p. 7). He argues that "the incident report was known to staff 28 days prior to the date he was given his incident report, (And thus invalidate[s] the incident report) as P.S. 5270.09 was violated when incident report was not provided within B.O.P. policy time frame." (*Id.* at p. 8).

The Respondent cites to 28 C.F.R. § 541.5, which requires when BOP staff "witness or reasonably believe" that an inmate has committed a prohibited act, an incident report will be prepared and referred for investigation. (Doc. 8, p. 8). Also cited is 28 C.F.R. § 541.8(c) which requires that an inmate be provided written notice no less than 24 hours before the DHO hearing. *Wolff* simply requires that an inmate receive written notice of the claimed violation at least 24 hours in advance of the disciplinary hearing. *Wolff*, 418 U.S. at 564. It is undisputed that Moreta received notice of the incident report on May 21, 2014, and that the hearing commenced on June 5, 2014. Hence, Moreta is not entitled to relief on this ground.

He also challenges the DHO's decision not to allow him to call witness Tony Edwards. (Doc. 1, p. 8). It is his position that this interfered with his ability to defend against the charges. (*Id.*) The BOP contends that Edwards's testimony was "appropriately excluded" because his testimony would not provide relevant information relative to a determination of guilt. (Doc. 8, p. 13).

Prison officials have broad discretion in administering a disciplinary hearing. *See Young v. Kann*, 926 F.2d 1396, 1400 (3d Cir.1991). Inmates do not have an "unqualified right to call witnesses." *Wolff,* 418 U.S. at 566. "A prisoner facing charges that may result in a loss of good-time credits has a due process right to call witnesses at a disciplinary hearing [only] 'when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals'." *Id.* An inmate is permitted to call a witness who will testify "'in his defense,' (*i.e.* produce affirmatively supportive evidence) and not to confront or impeach [an adverse] witness." *Owens v. Libhart*, 729 F. Supp. 1510, 1513 (M.D.Pa. 1990); *see also Wolff*, 418 U.S. at 567–68. There is no requirement, however, that an inmate be afforded an opportunity to present witnesses 'whose testimony would be irrelevant, repetitive, or unnecessary.' *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002); *see also* 28 C.F.R. § 541.17(c) (providing that 'the DHO need not call repetitive witnesses')." *Moles v. Holt*, 221 F. App'x. 92, 95 (3d Cir. 2007). Although not prescribed, in instances where a witness is not called, it is deemed "useful for the [DHO] to state its reason for refusing to call a witness, whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases." *Wolff*, 418 U.S. at 566.

In the matter *sub judice*, the DHO indicated that Moreta's witnesses were not permitted to testify because their proffered testimony, "when they received

8

their incident reports and when it [sic] was dealt with," was deemed not germane to the matters at issue and completely outside the charges set forth in the incident report. (Doc. 8-1, p. 24). "[A]s any testimony presented by Carr and Edwards would be non-exculpatory, their testimony was excluded." (*Id.*) It is clear that the testimony Moreta sought to introduce was irrelevant and unnecessary to the disposition of the incident report charges. The DHO's exclusion of the witnesses was within his discretion and in full compliance with due process requirements.

Moreover, in this context, an inmate who challenges a prison disciplinary hearing result based upon an alleged denial of his right to present evidence must show some actual prejudice resulting from the prison's exercise of discretion. *Pachtinger v. Grondolsky*, 340 F.App'x 772, 777 (3d Cir. 2009) (denying habeas petition when inmate failed to show prejudice resulting from absence of cellmate's testimony). Moreta argues that he "was attempting to defend by proving that the incident report was known to staff 28 days prior to the date he was given his incident report" and that "the basic tenants [sic] of fairness apply here." (Doc. 1, p. 8). This is inapposite. Moreta cannot establish prejudice based on a DHO's decision to exclude testimony on a defense that was irrelevant to the charges lodged against him.

9

## III. **CONCLUSION**

Based on the foregoing, the petition for writ of habeas corpus will be denied.

A separate Order will enter.